```
                                            FILED
                                        U.S. DISTRICT COURT
                                        EASTERN DISTRICT OF LA

                                        2001 APR -4 PM 1:49
                                         APR 0 4 2001
                                        LORETTA G. WHYTE
                                              CLERK
```

MINUTE ENTRY
FALLON, J.
APRIL 3, 2001

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE DIAMOND SERVICES | * | CIVIL ACTION |
| | * | NUMBER 00-0156 |
| | | (REF. ALL CASES) |
| | * | SECTION "L" (3) |

The pretrial conference in the above captioned matter was held in Chambers on this date at 1:30 p.m. In attendance were Grady Hurley for Tennessee Gas Pipeline Co., Stanley J. Cohn for Central Gulf Towing, Inc., Robert S. Reich for Chet Morrison Contractors, Inc., David Hilleren for Joseph Foret, Jr., Charles F. Seemann, Jr. for T. Baker Smith & Son, Inc., J. Daniel Rayburn for Commercial Underwriters Insurance, Co. and Robert B. Acomb, III for Diamond Services, Inc., Boston Old Colony Insurance, Co. and Lumberman's Mutual Casualty, Co.

The trial in this matter currently set for May 7, 2001 is hereby CONTINUED until **May 14, 2001 at 9 a.m.** The parties shall present evidence as to the property damages claims on May 14, 2001. The Court will hear evidence regarding the personal injury claims after the property damage aspect of the case is concluded.

IT IS ORDERED THAT:

1) Commercial Underwriters Insurance, Co. shall file any motion regarding

DATE OF ENTRY
APR 0 4 2001

1



coverage issues by April 17, 2001. Response by any opposing party shall be filed 10 days after the motion is filed.

2) T. Baker Smith & Son, Inc. may file a motion for summary judgement within 7 days. Response by any opposing party shall be filed 10 days after the motion is filed.

3) The parties SHALL SUBMIT to the Court not later than Monday, May 7, 2001 a joint statement of proposed findings of fact and conclusions of law as to which there is no dispute, and a separate statement by each party as to such party's proposed findings of fact (together with citations to supporting evidence therefor) and conclusions of law which are disputed.

4) Each party SHALL SUBMIT to the Court not later than Monday, May 7, 2001 a bench book containing all exhibits that such party intends to introduce at trial.

5) If any party objects to the admission of another party's exhibits: i) the objecting party SHALL SUBMIT to the Court not later than Monday, May 7, 2001 a written statement describing the nature of and basis for such objections; and ii) the other party SHALL RESPOND in writing not later than Wednesday, May 9, 2001.

6) Motions in limine SHALL BE SUBMITTED to the Court not later than Monday, May 7, 2001, and memoranda in opposition thereto SHALL BE SUBMITTED not later than Wednesday, May 9, 2001;

7) Any party who intends to introduce deposition testimony at trial in lieu of live testimony SHALL SUBMIT to the Court not later than Monday, May 7, 2001 a

       redacted transcript of such testimony (omitting parts that all parties agree to be extraneous and irrelevant).

8)     If any party objects to any portion of deposition testimony that another party intends to introduce at trial in lieu of live testimony: i) the objecting party SHALL SUBMIT to the Court not later than Tuesday, May 8, 2001 a written statement describing the basis for such objections; and ii) the other party SHALL RESPOND in writing not later than Wednesday, May 9, 2001;

9)     Counsel SHALL REPORT to chambers at 8:30 a.m. on the first morning of trial, Monday, May 14, 2001.

