# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

```
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED DEC 18 2001
LORETTA G. WHYTE
CLERK
```

No. 01-30641
Summary Calendar

D.C. Docket No. 00-CV-156-L
                 00-CV-708-L
                 00-CV-1116-L

```
U.S. COURT OF APPEALS
FILED
NOV 26 2001
CHARLES R. FULBRUGE III
CLERK
```

In Re: In the Matter of: DIAMOND SERVICES CORPORATION, on behalf of Diamond Dredge No. 9, for exoneration from or limitation of liability:

---

DIAMOND SERVICES CORPORATION, on behalf of Diamond Dredge No. 9

       Petitioner - Appellant

v.

TENNESSEE GAS PIPELINE COMPANY; ET AL

       Claimants

COMMERCIAL UNDERWRITERS INSURANCE COMPANY

       Claimant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans.

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that petitioner-appellant pay to claimant-appellee the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: DEC 18 2001





A true copy
Test
Clerk, U.S. Court of Appeals, Fifth Circuit
By
New Orleans, Louisiana

DEC 18 2001

```
              UNITED STATES COURT OF APPEALS
                  FOR THE FIFTH CIRCUIT           U.S. COURT OF APPEALS
                                                        FILED

                        No. 01-30641                  NOV 26 2001
                       Summary Calendar
                                                   CHARLES R. FULBRUGE III
                                                            CLERK
```

IN RE: DIAMOND SERVICES CORPORATION,
on behalf of Diamond Dredge No. 9, for exoneration
from or limitation of liability:

DIAMOND SERVICES CORPORATION, on behalf of Diamond Dredge No. 9,

Petitioner-Appellant,

versus

TENNESSEE GAS PIPELINE COMPANY; ET. AL.,

Claimants,

COMMERCIAL UNDERWRITERS INSURANCE COMPANY,

Claimant-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
(00-CV-156-L; 00-CV-708-L; 00-CV-1116-L)

---

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

At issue is whether the district court erred in holding: that the liability coverage afforded Chet Morrison Contractors, Inc.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(CMC), and its subcontractor Diamond Services Corporation (Diamond) under Diamond's Protection and Indemnity (P&I) insurance policy was primary to CMC's obligation to indemnify Diamond for property damage; and that, consequently, the P&I policy limits must be exhausted before CMC is required to indemnify. Diamond contests: the denial of its summary judgment motion; and the summary judgment awarded CMC's insurer, Commercial Underwriters Insurance Company (CUIC). We **AFFIRM** essentially for the reasons stated in the district court's 16 May 2001, comprehensive opinion, discussed *infra*.

CMC entered into a maritime Master Service Contract (Contract) with Diamond, under which, as a subcontractor for CMC, Diamond was to furnish vessel services/perform certain work in burying the Tennessee Gas pipeline. The Contract required Diamond to procure, in part: (1) comprehensive general liability (CGL) insurance "covering all liabilities arising as a result of ... damage to property, including, but without limitation, contractual liability coverage"; and (2) protection and indemnity (P&I) insurance "naming CMC ... as [an] additional assured[]". With respect to both policies, the Contract provides: "All said insurance policies must contain clauses to the effect that ... the coverage required by

this contract is to be primary". Finally, the Contract contains reciprocal indemnity provisions for personal injury and property damage, providing in part: "CMC will ... indemnify [Diamond for] all suits, actions, claims and demands based on property damage ... arising from or relating in any way to the performance of the work hereunder".

While performing the Contract, Diamond's Dredge No. 9 allegedly damaged the Tennessee Gas pipeline. CMC repaired the pipeline, and "Diamond's P&I underwriters agreed, without prejudice, to pay CMC's claim as an additional assured ... reserving all rights to seek reimbursement from CMC and/or CMC's insurers". *In re Diamond Services*, No. 00-0156 (E.D. La. 16 May 2001) (order granting summary judgment motion to CUIC).

At issue is whether, in granting summary judgment to CMC's insurer, CUIC, the district court erred in holding: that Diamond's P&I policy is primary to CMC's indemnification obligation; and, consequently, that the limits of the P&I policy must be exhausted before that indemnity obligation is triggered. "We review the grant or denial of summary judgment *de novo*, applying the same standards as did the district court." *Babcock v. Hartmarx Corp.*, 182 F.3d 336, 338 (5th Cir. 1999). "Summary judgment is

3

appropriate if the record 'show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(c)) (second alteration added).

As the district court correctly observed, our court has, since *Ogea v. Loffland Bros. Co.*, 622 F.2d 186 (5th Cir. 1980), construed insurance procurement requirements as primary to indemnity provisions contained in the same contract. *See id.* at 189-90; *see also Tullier v. Halliburton Geophysical Servs., Inc.*, 81 F.3d 552, 554-55 (5th Cir. 1996); *Klepac v. Champlin Petroleum Co.*, 842 F.2d 746, 748 (5th Cir. 1988). Diamond attempts to distinguish this case from the *Ogea* line of cases on the fact that the Contract does not require "contractual liability coverage" under the P&I policy. Diamond asserts that the absence of such a requirement evinces an intent that the P&I policy would not respond to CMC's contractual indemnification obligation to Diamond. Diamond does not, however, dispute that CMC is an additional assured under Diamond's P&I policy. Moreover, as the district court noted in *dicta*, a fair reading of the P&I policy's contractual liability extension provision extends coverage to CMC on the present facts.

In any event, as the district court also noted, it is not

necessary to posit a definitive interpretation of the P&I policy, for the principles announced in, and developed since, *Ogea* dispose of this appeal. As our court noted in *Tullier*, "[t]he controlling fact in *Ogea* ... is the existence of 'additional assured' coverage whereby an indemnitee agreed to procure insurance coverage for the benefit of the indemnitor". *Tullier*, 81 F.3d at 554. That controlling fact is present in, and dispositive of, this case.

We must read the indemnity and insurance procurement provisions "in conjunction with each other in order to properly interpret the meaning of the contract". *Ogea*, 622 F.2d at 190; *Tullier*, 81 F.3d at 553-54. The only credible meaning of the Contract — which contains a requirement that CMC indemnify Diamond but that Diamond procure P&I coverage naming CMC an additional assured — is that CMC is required to indemnify Diamond only beyond the limits of Diamond's P&I policy.

> In a line of cases commencing with *Ogea* ... this court has held that a party ... who has entered into a contractual indemnity provision but who also names the indemnitor ... as an additional assured under its liability policies, must first exhaust the insurance it agreed to obtain before seeking contractual indemnity.

*Tullier*, 81 F.3d at 553 (internal citation omitted).

5

*AFFIRMED*

*AFFIRMED*